## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **DEBORAH ROBERTS** and **JADAN COOK,** on behalf of themselves and all others similarly situated, | : : : : | Civil Action No. |
| | : | JURY TRIAL DEMANDED |
| Plaintiffs, | : : : | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| v. | : : | |
| **ARROW SENIOR LIVING MANAGEMENT, LLC,** | : : : | CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b)(3) |
| | : | |
| Defendant. | : | |

### PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT

Now comes Plaintiffs Deborah Roberts ("Named Plaintiff Roberts" or "Roberts") and Jadan Cook ("Named Plaintiff Cook" or "Cook") (collectively the "Named Plaintiffs"), through undersigned counsel, on behalf of themselves individually and on behalf of all current and former hourly, non-exempt healthcare employees (hereinafter "Named Plaintiffs and the Putative Class Members") who worked forty (40) or more hours in one or more workweeks for Defendant Arrow Senior Living Management, LLC ("Defendant" or "Arrow") in all states other than Ohio, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended to 29 U.S.C. § 216(b), and pursuant to the Missouri Act, Mo. Rev. Stat. §§ 290.500, *et seq*. (Missouri Wage Act).

Named Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while their Missouri Wage Act claims are asserted as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3). The following allegations are based on personal knowledge as

to the Named Plaintiffs' own conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I.     OVERVIEW

1.  This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and a class action pursuant to the Missouri Wage Act.

2.  At all relevant times, Named Plaintiffs and the Putative Class Members have worked forty (40) or more hours for Arrow as hourly, non-exempt healthcare employees.

3.  At all relevant times, because of its companywide policies and/or practices, Arrow has not paid Named Plaintiffs and the Putative Class Members all of their overtime compensation in violation of state and federal law.

4.  Specifically, Arrow maintains companywide policies and/or practices of 1) deducting a thirty (30) minute meal break from its hourly, non-exempt healthcare employees' daily hours worked when they did not receive their full, uninterrupted thirty (30) minute meal break, and 2) not including all forms of additional remuneration in the calculation of hourly, non-exempt healthcare employees' regular rate of pay for purposes of calculating their overtime compensation.

5.  These companywide policies and/or practices have resulted in Named Plaintiffs and the Putative Class Members not being paid all of their overtime compensation.

6.  Arrow knew or should have known that these companywide policies and/or practices have resulted in Named Plaintiffs and the Putative Class Members not being paid all of their overtime compensation.

7. Accordingly, Named Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, attorneys' fees, costs and other damages available under the FLSA and the Missouri Wage Act.

## II.   THE PARTIES

### Plaintiffs

#### Named Plaintiff Deborah Roberts

8. Named Plaintiff Roberts is an individual, United States citizen, and resident of the State of Missouri living in the Eastern District of Missouri.

9. At all times relevant herein, Named Plaintiff Roberts was employed by Defendant as an hourly, non-exempt Care Partner from approximately December 2018 to May 2020 at Defendant's The Boulevard Senior Living at Wentzville facility, which is located at 110 Perry Cate Boulevard, Wentzville, Missouri 63385.

#### Named Plaintiff Jadan Cook

10. Named Plaintiff Cook is an individual, United States citizen, and resident of the State of Missouri.

11. At all times relevant herein, Named Plaintiff Cook was employed by Defendant as an hourly, non-exempt Med-Tech from approximately August 2020 to March 2021 at Defendant's The Township Senior Living facility, which is located at 4150 W. Republic Road, Battlefield, Missouri 65619.

12. Named Plaintiffs bring this action on behalf of themselves and those similarly situated, and they have given their written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiffs' consents are being filed along with this

Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**.).

Opt-In Plaintiffs

13. In addition to the Named Plaintiffs, numerous individuals from different facilities owned, operated and managed by Defendant have signed consent forms to join this case. These individuals include, CaNeidra Webb (worked at The Boulevard Senior Living at Wentzville in Missouri), Cierra Nelson (worked at Cedar Trails Senior Living in Illinois), Sabrina Sobaski (worked at The Township Senior Living in Missouri), Shane Carlson (worked at The Freemont Senior Living in Missouri), Daniele Ansley (worked at The Madison Senior Living in Missouri), Nerissa Standish (worked at Gentry Park Senior Living in Indiana), Tamerria Phox (worked at The Madison Senior Living in Missouri), and Jorgina Garay (worked at The Parkway Senior Living in Missouri) (collectively the "Opt-In Plaintiffs"). Named Plaintiffs also file the completed Consent to Join forms for the Current Opt-In Plaintiffs. *See* **Exhibit B.**

**Defendant**

14. Defendant is a limited liability company formed in Missouri and can be served with process through its registered agent: **Patrick T. Wittenbrink, 120 S. Central Avenue Suite 1800, St. Louis, MO 63105**.

15. Defendant is an enterprise of assisted living and memory care communities that are all owned, operated and managed by Defendant.[1] Specifically, Defendant owns, operates and manages twenty-eight (28) senior living communities across the Midwest.

16. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiffs', the Opt-In Plaintiffs', and the Putative Class Members' working conditions. At

---

[1] https://www.arrowseniorliving.com/, last visited November 19, 2021.

all relevant times, Defendant exercised that authority and control over Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members.

17. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members at all locations operated and managed by Defendant. At all relevant times, Defendant exercised that authority and control over Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members.

18. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

19. Upon information and belief, Defendant applies or causes to be applied, substantially the same employment policies, practices, and procedures to all employees at all of Defendant's locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

20. At all relevant times, Defendant suffered or permitted Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members to work. The work that Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members performed was for Defendant's benefit.

21. Although Defendant may have registered numerous other "entities", those entities operate out of Defendant's corporate office space and under the operation and management of Defendant. Defendant maintains interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

22. Defendant was as an "employer" of employees at all of its locations as defined in, or for the purposes of, the FLSA and the laws of Missouri. Defendant is a single integrated

enterprise and/or a joint employer of Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members.

23. Defendant operates, controls, enterprises, and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

24. At all times relevant hereto, Defendant was fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Missouri.

### III.  JURISDICTION & VENUE

25. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§201-19.

26. This Court has supplemental jurisdiction over the additional Missouri state-law claims pursuant to 28 U.S.C. § 1367.

27. This Court has personal jurisdiction over Defendant because the cause of action arose within this district as a result of Defendant's conduct within this District and Division, and Defendant's principal place of business is located in this District and Division.

28. Venue is proper in the Eastern District of Missouri because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

29. Specifically, Defendant is headquartered in the State of Missouri, Defendant has maintained a working presence throughout the State of Missouri, and Named Plaintiff Roberts

worked in Wentzville, Missouri during her employment with Defendant, all of which are located within this District and Division.

## IV. STATEMENT OF FACTS

30. Defendant employed Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members as hourly, non-exempt healthcare employees.

31. Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members worked or were scheduled to work more than 40 or more hours in one or more workweeks.

32. During their employment with Defendant, Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members were not fully and properly paid for all overtime wages because: 1) Defendant required a thirty (30) minute meal break deduction from Named Plaintiffs', the Opt-In Plaintiffs', and the Putative Class Members' daily hours worked when they did not receive their full, uninterrupted thirty (30) minute meal break, and 2) Defendant did not properly calculate Named Plaintiffs', the Opt-In Plaintiffs', and the Putative Class Members' regular rate of pay for the purposes of calculating their overtime compensation.

### Meal Breaks

33. Defendant required a thirty (30) minute meal break deduction from the Named Plaintiffs', the Opt-In Plaintiffs', and the Putative Class Members' daily hours worked even when they were unable to take a full, uninterrupted thirty (30) minute meal break.

34. Because Defendant's facilities were regularly understaffed, Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members were often unable to take a meal break, took a shortened meal break, or had their meal break interrupted with job duties.

**Regular Rate**

35. Defendant pays Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members an hourly wage for hours worked (hereinafter "Base Hourly Wage").

36. In addition to the Base Hourly Wage, Defendant pay its employees additional forms of remuneration. These additional remunerations should have been included in the calculation of employees' regular rate of pay for purposes of computing their overtime compensation. These additional forms of remuneration include, but are not limited to, nondiscretionary retention bonuses which Defendant calls a "sign on bonus," and nondiscretionary bonuses for working extra hours or shifts for which the employee was not scheduled to work (hereinafter nondiscretionary bonuses will collectively be referred to as "Additional Remuneration").  *See* 29 C.F.R §§ 778.207(b); 778.211(c).

37. Defendant paid employees a purported "Sign On Bonus" that was contingent upon remaining employed with Defendant for specified periods of time. For example, Defendant at times promised a $1,000.00 "Sign On Bonus" for which an employee was eligible to receive in two (2) installments: the first (1st) $500.00 payment was to be made following one-hundred and twenty (120) days of employment and the second (2nd) $500.00 payment was to be made following nine (9) months of employment. Thus, Defendant's purported "Sign On Bonus" was actually a non-discretionary retention bonus.

38. Defendant did not include these nondiscretionary retention bonuses when calculating Named Plaintiffs', the Opt-In Plaintiffs', and the Putative Class Members' regular rate of pay for purposes of calculating their overtime rate of pay, thus resulting in an underpayment of overtime wages to Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members. Retention bonuses are required to be included in Defendant's employees' regular rate of pay

calculation according to the United States Department of Labor Fact Sheet #54 Entitled "The Health Care Industry and Calculating Overtime Pay."[2]

39. In addition, Defendant paid Additional Remuneration for work performed during specific shift(s) and/or day(s).

40. For example, Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members were contacted and promised that if they picked up shifts or hours that they were not previously scheduled to work, then they would receive a bonus payment in an already predetermined amount to induce them to work the extra hours and/or shifts. Shift pick up bonuses are required to be included in Defendant's employees' regular rate of pay calculation according to the United States Department of Labor Fact Sheet #54.[3]

41. During the last three years preceding the filing of this Complaint, Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members regularly received their Base Hourly Wage and Additional Remuneration in various workweeks when they worked in excess of 40 hours.

42. When Defendant paid Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members both their Base Hourly Wage and Additional Remuneration, Defendant failed to properly calculate its employees' regular rate of pay for the purposes of calculating their overtime pay because Defendant did not include the Additional Remuneration in its regular rate of pay calculations. Consequently, Defendant failed to properly compensate Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members the overtime wages they were due in accordance with the minimum requirements of the FLSA and the Missouri Wage Act.

---

[2] https://www.dol.gov/whd/regs/compliance/whdfs54.pdf - See ***Example: Retention Bonus*** Section (last visited 3/10/21)
[3] https://www.dol.gov/whd/regs/compliance/whdfs54.pdf - See ***Example: Supplementary Shift Bonus*** Section (last visited 3/10/21)

43. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Missouri.

44. During all relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

45. Defendant is in possession and control of necessary documents and information from which Named Plaintiffs would be able to precisely calculate damages or it otherwise failed to maintain such documents and information.

46. For the three years preceding the filing of the Complaint, Defendant applied the same pay policies and practices to all hourly, non-exempt healthcare employees, including Named Plaintiffs, the Opt-In Plaintiffs, and the Opt-In Plaintiffs, at all of its locations.

47. Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and/or practices described herein.

48. Defendant knew or should have been aware that Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members were not receiving their full thirty (30) minute meal breaks.

49. Further, Defendant knew or should have been aware that Named Plaintiffs, the Opt-In Plaintiffs, and the Putative Class Members worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on their regular rate of pay, as that phrase is defined under the FLSA and the Missouri Wage Act, but Defendant willfully elected not to fully compensate its employees during all times relevant.

## V. COLLECTIVE ACTION ALLEGATIONS

50. Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following: consisting of:

> All current and former hourly, non-exempt employees of Defendant who worked at any non-Ohio Arrow facility who worked at least 40 hours in any workweek and 1) had a meal deduction taken from their compensable hours worked, and/or 2) received nondiscretionary bonus payments, such as a retention bonus[4] or a shift pick up bonus for working extra shifts or hours beyond what the employee was scheduled to work, beginning three years prior to the filing date of the Complaint and continuing through the date of the final disposition of this case. ("FLSA Collective" or the FLSA Collective Members").

51. At all times hereinafter mentioned, Defendant has been an employer.

52. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

53. In addition to the Named Plaintiffs and Opt-In Plaintiffs, the FLSA Collective Members have been denied proper overtime compensation due to Defendant's company-wide payroll policy and practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiffs, Opt-In Plaintiffs and the FLSA Collective Members overtime at a rate of at least one and one-half times their regular rate of pay, as that phrase is defined under the FLSA, for all overtime hours worked. The Named Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests, as well as their own, in bringing this action.

---

[4] Retention bonuses are referred to by Defendant as a "Sign On Bonus."

54. The identity of the FLSA Collective Members is known to Defendant and is readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

55. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiffs, Opt-In Plaintiffs, and FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of the Named Plaintiffs, the Opt-In Plaintiffs and FLSA Collective Members.

## VI. RULE 23 ALLEGATIONS

56. Named Plaintiffs bring their Missouri state-law claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of themselves and all other similarly situated of the following Missouri Act Class, defined as:

> All current and former hourly, non-exempt employees of Defendant who worked at any Missouri Arrow facility who worked at least 40 hours in any workweek and 1) had a meal deduction taken from their compensable hours worked, and/or 2) received nondiscretionary bonus payments, such as a retention bonus[5] or a shift pick up bonus for working extra shifts or hours beyond what the employee was scheduled to work, beginning two years prior to the filing date of the Complaint and continuing through the date of the final disposition of this case ("Missouri Rule 23 Class" or "Missouri Rule 23 Class Members").

57. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Missouri Act, R.S.Mo. § 290.500(4),

58. At all times hereinafter mentioned, Named Plaintiffs and the Missouri Class Members have been employees within the meaning of the Missouri Act, R. S. MO. § 290.500(3).

---

[5] *See* fn4.

59. During relevant times, Named Plaintiffs and those Missouri Rule 23 Class Members worked at least forty (40) hours per workweek, but were not correctly compensated at a rate of at least one and one-half times their correct regular rate of pay for all hours worked in excess of 40 because of Defendant's policies and/or practices of deducting thirty (30) minutes for a meal break that was not taken or that was interrupted with work duties and not fully compensating its employees at the proper overtime rate during workweeks when they received Additional Remuneration as described herein.

60. The Missouri Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

61. Named Plaintiffs are members of the Missouri Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Missouri Rule 23 Class.

62. Named Plaintiffs will fairly and adequately represent the Missouri Rule 23 Class and the interests of all members of the Missouri Rule 23 Class.

63. Named Plaintiffs have no interest that is antagonistic to or in conflict with those interests of the Missouri Rule 23 Class that they have undertaken to represent.

64. Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Missouri Rule 23 Class.

65. Questions of law and fact are common to the Missouri Rule 23 Class.

66. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

67. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Missouri Rule 23 Class, making appropriate

declaratory and injunctive relief with respect to Named Plaintiffs and the Missouri Rule 23 Class as a whole.

68. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Missouri Rule 23 Class predominate over questions affecting individual members of the Missouri Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

69. Questions of law and fact that are common to the Missouri Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Missouri Act by failing to pay the Missouri Rule 23 Class for hours worked in excess of forty hours per week because of the applied meal break deductions; (b) whether Defendant violated the Missouri Act by failing to pay the Missouri Rule 23 Class Members their correct overtime rate for all hours worked in excess of forty hours per week; (c) whether Defendant's violations of the Missouri Act were knowing and willful; (d) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiffs and other members of the Missouri Rule 23 Class on account of Defendant's violations of the Missouri Act; and (e) what amount of prejudgment interest is due to Missouri Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

70. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' and the Missouri Rule 23 Class's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiffs and counsel are not aware of any pending Missouri litigation on behalf of the Missouri Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate

their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VII. CAUSES OF ACTION

### COUNT I
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves, the Opt-In Plaintiffs, and the FLSA Collective.

73. During the relevant time period, Defendant employed the Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members.

74. Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

75. Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members worked in excess of forty (40) hours in one or more workweeks during all times relevant.

76. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

77. The FLSA requires that non-exempt employees receive overtime compensation of their regular rate of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

78. Under 29 U.S.C. § 207(e), "regular rate" of pay shall be broadly deemed to include all remuneration for employment paid to, or on behalf of, the employee like the type of Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members. *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R §§ 778.207(b); 778.208; 778.211(c).

79. Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members were not exempt from receiving FLSA overtime compensation.

80. Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members should have been paid the correct overtime rate for all hours worked in excess of forty (40) hours per workweek during the three years from the filing date of the original Complaint.

81. Defendant violated the FLSA with respect to Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members by, *inter alia*, taking a meal break deduction even when it knew or should have known that its employees did not receive an uninterrupted meal break and failing to *fully* compensate them at one-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks because of Defendant's policies and/or practices described herein.

82. Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members are entitled.

83. The exact total amount of overtime compensation that Defendant failed to pay Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

84. As a direct and proximate result of Defendant's conduct, Named Plaintiffs, Opt-In Plaintiffs, and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves, the Opt-In Plaintiffs, and the FLSA Collective Members.

## COUNT II
### MISSOURI ACT- RULE 23 CLASS ACTION FOR UNPAID OVERTIME

85. All of the preceding paragraphs are realleged as if fully rewritten herein.

86. Defendant owes Named Plaintiffs, Opt-In Plaintiffs, and the Missouri Rule 23 Class Members wages, as defined in section 290.500(7) of the Act, to compensate them for labor and services they provided to Defendant in the furtherance of their job duties. *See* R. S. MO. § 290.500(7).

87. Named Plaintiffs and the Missouri Rule 23 Class Members are not exempt from receiving overtime benefits under the Missouri Act.

88. Named Plaintiffs and the Missouri Rule 23 Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Defendant violated the Missouri Act by failing to pay Named Plaintiffs and the Missouri Rule 23 Class Members for all of the overtime hours worked on Defendant's behalf, and for failing to pay the correct amount of overtime for all hours worked over forty (40) per week. *See* R. S. MO. §§ 290.502, 290.505.

89. Named Plaintiffs and the Missouri Rule 23 Class Members have suffered damages and continue to suffer damages as a result of Defendant's act or omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Named Plaintiffs would be able to precisely calculate damages.

90. The Missouri Act provides that Named Plaintiffs and the Missouri Rule 23 Class Members are entitled to recover the unpaid wages and an equal amount as liquidated damages. *See* R.S.Mo. §§ 290.527.

91. In violating the Missouri Act, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Missouri law.

92.     The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Missouri Act, is defined in Paragraph 46.

93.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records from Defendant.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs request judgment against Defendant for an Order:

A.      Certifying the proposed FLSA collective action;

B.      Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.      Certifying the proposed Missouri Rule 23 Class under the Missouri Acts;

D.      Finding Defendant failed to keep accurate records, and, as such, Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Collective Members, and the Missouri Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.      Awarding to Named Plaintiffs, the Opt-In Plaintiffs, and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F.      Awarding to Named Plaintiffs and the Missouri Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Missouri Acts;

G.      Awarding Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Collective Members, and the Missouri Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H.     Awarding Named Plaintiffs, the Opt-In Plaintiffs, the FLSA Collective Members, and the Missouri Rule 23 Class Members such other and further relief as the Court deems just and proper;

I.     Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

J.     An Order directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

K.     For an Order awarding Named Plaintiffs service awards as permitted by law, and

L.     Such other and further relief as to this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586OH)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304OH)
**NILGES DRAHER LLC**
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: sdraher@ohlaborlaw.com

*Attorney for Named Plaintiffs, Opt-In Plaintiffs and those similarly situated*

## JURY DEMAND

Named Plaintiffs requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman
